IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEW MEXICO

JARRICK EARL DENEWILER, *aka*
JERRICK EARL DENEWILER,

    Plaintiff,

v.                                                     Case No. 23-cv-0736-MIS-KBM

LEA COUNTY CORRECTIONAL FACILITY, *et al.*,

    Defendants.

## ORDER GRANTING MOTION TO PROCEED *IN FORMA PAUPERIS* DISMISSING COMPLAINT WITHOUT PREJUDICE

This matter is before the Court on Plaintiff Jarrick Earl Denewiler's Prisoner Civil Rights Complaint. ECF No. 1 ("Complaint"). Also before the Court is his Motion to Proceed *In Forma Pauperis*. ECF No. 2 ("Motion"). Plaintiff is incarcerated and proceeding *pro se*. He alleges, inter alia, that prison officials interfered with his legal mail. Having reviewed the matter *sua sponte* under 28 U.S.C. § 1915(e), the Court will grant the Motion, dismiss the Complaint, and provide leave to amend.

### BACKGROUND

Plaintiff was previously incarcerated at the Lea County Correctional Facility ("LCCF") in Hobbs, New Mexico. *See* ECF No. 1 at 1. In August of 2023, he placed seven envelopes containing legal mail into LCCF's prison mailbox. *Id.* at 2. Mailroom Officer Marquez allegedly refused to send the letters and returned each envelope to Plaintiff. *Id.* The reason for the mail rejection is unclear, although it may be attributable to insufficient postage. The allegations regarding the mail rejection conclude by noting that "Plaintiff is indigent with zero dollars." *Id.* at 3. After the mail rejection, unnamed LCCF officials allegedly placed Plaintiff in a restrictive

housing unit and issued rule violation write ups. *Id.* at 5. That unit serves insufficient food and does not permit inmates to use the Lexus Nexus computer. *Id.*

Construed liberally, the Complaint raises claims under the First Amendment and Eighth Amendment pursuant to 42 U.S.C. § 1983. The Complaint names two Defendants, LCCF and the New Mexico Corrections Department ("NMCD").[1] *See* ECF No. 1 at 2, 8. Plaintiff seeks $400,000 in damages along with an injunction ordering a prison transfer and the provision of legal assistance. *Id.* at 5. After filing the Complaint, he was transferred to the Central New Mexico Correctional Facility in Los Lunas, New Mexico. *See* ECF No. 11. Plaintiff filed a Motion to Proceed *In Forma Pauperis*, ECF No. 2, along with financial statements, ECF Nos. 6, 7, which reflect he cannot afford to pay an initial partial filing fee. The Court will therefore grant leave to proceed *in forma pauperis* and review the Complaint under 28 U.S.C. § 1915(e).

## STANDARDS GOVERNING INITIAL REVIEW

Section 1915(e) of Title 28 requires the Court to conduct a *sua sponte* review of all *in forma pauperis* complaints. The Court must dismiss any such complaint that is frivolous, malicious, or "fails to state a claim on which relief may be granted." 28 U.S.C. § 1915(e). The Court may also dismiss a complaint *sua sponte* under Rule 12(b)(6) if "it is patently obvious that the plaintiff could not prevail on the facts alleged, and allowing [plaintiff] an opportunity to amend [the] complaint would be futile." *Hall v. Bellmon,* 935 F.2d 1106, 1110 (10th Cir. 1991) (quotations omitted). The plaintiff must frame a complaint that contains "sufficient factual matter, accepted as true, to 'state a claim for relief that is plausible on its face.'" *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting

---

[1] While the caption of the Complaint lists the State of New Mexico as a Defendant, an attachment requesting service clarifies that Plaintiff intends to sue the "State of New Mexico Department of Corrections." ECF No. 1 at 1, 8.

*Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007)). "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Id.*

Because Plaintiff is *pro se*, his "pleadings are to be construed liberally and held to a less stringent standard than formal pleadings drafted by lawyers." *Hall*, 935 F.2d at 1110. While *pro se* pleadings are judged by the same legal standards that apply to represented litigants, the Court can overlook the "failure to cite proper legal authority, … confusion of various legal theories, … poor syntax and sentence construction, or … unfamiliarity with pleading requirements." *Id.* Moreover, if the initial complaint fails to state a claim, courts should generally grant leave to amend unless amendment would be futile. *Id.*

## DISCUSSION

Plaintiff's constitutional claim must be analyzed under 42 U.S.C. § 1983, which is the "remedial vehicle for raising claims based on the violation of [federal] constitutional rights." *Brown v. Buhman*, 822 F.3d 1151, 1161 n.9 (10th Cir. 2016). "A cause of action under section 1983 requires the deprivation of a civil right by a 'person' acting under color of state law." *McLaughlin v. Bd. of Trs.*, 215 F.3d 1168, 1172 (10th Cir. 2000). The plaintiff must allege that each government official, through the official's own individual actions, has personally violated the Constitution. *See Trask v. Franco*, 446 F.3d 1036, 1046 (10th Cir. 1998). There must also be a connection between the official conduct and the constitutional violation. *See Fogarty v. Gallegos*, 523 F.3d 1147, 1162 (10th Cir. 2008); *Trask*, 446 F.3d at 1046.

Applying these standards, the Complaint fails to state a § 1983 claim against the named Defendants (LCCF and NMCD). It is well settled that LCCF and NMCD are not "persons" subject

to suit under 42 U.S.C. § 1983.  *See Blackburn v. Dep't of Corr.*, 172 F.3d 62, 63 (10th Cir. 1999) ("New Mexico Department of Corrections is not a 'person' subject to suit under § 1983 … regardless of the relief sought"); *Buchanan v. Okla.*, 398 F. App'x 339, 342 (10th Cir. 2010) ("[S]tate-operated detention facilities do not have a separate legal identity from the state, and therefore are not 'persons' who have the capacity to be sued under § 1983").  The Complaint is therefore subject to dismissal under 28 U.S.C. § 1915(e).

Alternatively, even if the Complaint named a person subject to liability, the alleged facts do not state cognizable § 1983 claim.  The Complaint alleges LCCF officials interfered with legal mail and provided inhumane conditions of confinement.  The Court will address each claim below.

**A.  Interference With Legal Mail**

Interference with legal mail implicates several constitutional rights, including the right to access courts; the right to receive mail per se; and the Sixth Amendment right to correspond with counsel.  As to the first category, "unimpeded transmission of inmate legal mail is the 'most obvious and formal manifestation" of the right to access courts.  *Simkins v. Bruce*, 406 F.3d 1239, 1243 (10th Cir. 2005).  However, "to present a viable claim for denial of access to the courts, ... an inmate must allege and prove prejudice arising from the defendants' actions."  *Peterson v. Shanks*, 149 F.3d 1140, 1145 (10th Cir. 1998) (citations omitted); *see also Lewis v. Casey*, 518 U.S. 343, 349 (1996).  The plaintiff must demonstrate that the mail seizures "hindered his efforts to pursue" a non-frivolous legal claim.  *Lewis*, 518 U.S. at 351-53.

The allegations here do not show prison officials hindered any specific legal claim by refusing to send Plaintiff's legal mail or restricting to access Lexus Nexus in certain housing units.  The allegations also fail to "identify the relevance of the" unmailed envelopes, for example by

4

describing what each envelope contained. *Carr v. Zwally*, 760 F. App'x 550, 556 (10th Cir. 2019). The Complaint therefore fails to show the mail rejection interfered with Plaintiff's right to access courts.

The non-delivery of legal mail can also violate the "right to receive [and send] mail per se." *Wardell v. Duncan,* 470 F.3d 954, 959 (10th Cir. 2006) (analyzing such claim along with right to access courts). Courts generally apply a four-factor test to determine whether the restriction on legal mail is reasonably related to legitimate penological interests. *Id.*; *see also Turner v. Safley*, 482 U.S. 78, 89 (1987) (establishing the test). The factors are:

> (1) whether a rational connection exists between the prison policy [or] regulation and a legitimate governmental interest advanced as its justification; (2) whether alternative means of exercising the right are available notwithstanding the policy or regulation; (3) what effect accommodating the exercise of the right would have on guards, other prisoners, and prison resources generally; and (4) whether ready, easy-to-implement alternatives exist that would accommodate the prisoner's rights.

*Beerheide v. Suthers*, 286 F.3d 1179, 1185 (10th Cir. 2002) (citing *Turner*, 482 U.S. at 89-91).

A full "analysis of the *Turner* factors is unnecessary at the pleading stage." *Al-Owhali v. Holder*, 687 F.3d 1236, 1240 n. 2 (10th Cir. 2012). The plaintiff "must include sufficient facts to indicate the plausibility that the actions of which he complains were not reasonably related to legitimate penological interests." *Khan v. Barela*, 2020 WL 1488762, at *3 (10th Cir. Mar. 26, 2020) (quoting *Gee v. Pacheco*, 627 F.3d 1178, 1187-88 (10th Cir. 2010)). Doing so might require the inmate to "recite[] facts that might well be unnecessary in other contexts. For example, ... a [First Amendment] claim may not be plausible unless it alleges facts that explain why the usual justifications for the complained-of acts do not apply." *Gee*, 627 F.3d at 1185.

The Complaint does not explicitly state why prison officials declined to send Plaintiff's legal mail. Plaintiff's reference to financial hardship may indicate he could not afford postage for

5

the letters. *See* ECF No. 1 at 3. Assuming this explains the mail rejection, such circumstance does not automatically demonstrate a First Amendment violation. *Twyman v. Crisp,* 584 F.2d 352, 359 (10th Cir. 1978) (Prison officials are not required to provide inmates "with an unlimited right to free postage" to satisfy the First Amendment). In determining whether the refusal to provide postage rises to the level of a constitutional violation, courts consider how many free stamps a prisoner receives per month and whether the prisoner is in arrears with respect to postage/copying fees. *See Harrison v. Bent Cnty. Corr. Facility,* 24 F. App'x 965, 967 (10th Cir. 2001) (prison properly limited free postage where inmate account was in arrears); *Smith v. Cooper*, 2 F.3d 1161 (10th Cir. 1993) (prison officials did not violate the constitution by "permitting two free legal letters per week for indigent prisoners"); *Collier v. Nelson*, 202 F.3d 281 (10th Cir. 2000) (approving policy allowing four free stamps per month); *Harrison*, 24 F. App'x at 967 (rejecting First Amendment claim where inmates were "allowed no more than a $2.00 per month advance on future earnings for copying and postage"). Because there is no information regarding the postage policies or justification for the mail rejection, the Complaint fails to demonstrate a violation of the per se right to send mail.

The third constitutional protection for a prisoner's legal mail is the Sixth Amendment right to counsel. The Sixth Amendment "protect[s] the attorney-client relationship from intrusion ...." *Stanley v. Vining*, 602 F.3d 767, 770 (6th Cir. 2010) (quoting *Wolff v. McDonnell*, 418 U.S. 539, 576 (1974)). This protection does not appear to be relevant here, as the Complaint indicates Plaintiff is not represented by counsel. *See* ECF No. 1 at 5 (seeking the appointment of counsel).

### B. Inhumane Conditions of Confinement

The Eighth Amendment requires prison officials to provide humane conditions of

confinement by ensuring inmates receive the "minimal civilized measure of life's necessities." *Rhodes v. Chapman,* 452 U.S. 337, 347 (1981). To demonstrate prison conditions amount to cruel and unusual punishment, the alleged deprivation must be objectively serious, and the prison official must "have a sufficiently culpable state of mind." *Craig v. Eberly,* 164 F.3d 490, 495 (10th Cir.1998). Conditions are objectively serious when they threaten the inmate's safety or "lead to deprivations of essential food, medical care, … [or] sanitation." *Rhodes,* 452 U.S. at 348. To satisfy the subjective component, the plaintiff "must establish that defendant(s) knew he faced a substantial risk of harm and disregarded that risk, by failing to take reasonable measures to abate it." *Kikumura v. Osagie*, 461 F.3d 1269, 1293 (10th Cir. 2006) (quotations omitted).

Plaintiff's allegation that he was starved in the restrictive housing unit satisfies the objective prong of the test. *See Thompson v. Gibson,* 289 F.3d 1218, 1222 (10th Cir. 2002) ("A substantial deprivation of food may be sufficiently serious to state a conditions of confinement claim under the Eighth Amendment"). However, the Complaint fails to show any individual consciously disregarded a serious risk of harm. Any Eighth Amendment claim must therefore be dismissed.[2]

### C. Leave to Amend

For all of the above reasons, the Complaint fails to state a plausible claim for relief under § 1983. The Court will dismiss the Complaint (ECF No. 1) pursuant to 28 U.S.C. § 1915(e) and Rule 12(b)(6). The Tenth Circuit counsels that *pro se* plaintiffs should ordinarily be given an opportunity to "remedy defects potentially attributable to their ignorance of federal law." *Reynoldson v.*

---

[2] The Complaint also references retaliation in connection with Plaintiff's placement in the restrictive housing unit. It does not appear Plaintiff intends to raise a separate claim for retaliation and/or the violation of due process rights in connection with the housing placement, but he may clarify this point in the amended complaint.

*Shillinger,* 907 F.2d 124, 126 (10th Cir. 1990). Accordingly, Plaintiff may amend his complaint within thirty (30) days of entry of this Order. Plaintiff is reminded that the amendment must "make clear exactly who is alleged to have done what to whom, to provide each individual with fair notice as to the basis of the claims against him or her." *Robbins v. Oklahoma*, 519 F.3d 1242, 1249-50 (10th Cir. 2008). "Collective allegations" regarding the alleged wrongdoing will not meet this standard. *Id.* Plaintiff is further reminded that if he wishes to name an entity or a prison supervisor, such defendants cannot be liable under § 1983 for the actions of their employees. *See Cannon v. City and Cnty. of Denver*, 998 F.2d 867, 877 (10th Cir. 1993); *see also Monell v. Dep't of Soc. Servs. of N.Y.*, 436 U.S. 658, 694 (1978). The allegations must show the entity or prison supervisor is responsible for a policy or custom that caused the constitutional violation. *See Jenkins v. Wood*, 81 F.3d 988, 993-94 (10th Cir. 1996); *Brown v. Montoya,* 662 F.3d 1152, 1164–65 (10th Cir. 2011). If Plaintiff declines to timely file an amended complaint or files another complaint that fails to state a cognizable claim, the Court may dismiss this action with or without prejudice.

**IT IS ORDERED** that Plaintiff's Motion to Proceed *In Forma Pauperis* (**ECF No. 2**) is **GRANTED**; and the initial partial payment is waived.

**IT IS FURTHER ORDERED** that Plaintiff's Prisoner Civil Rights Complaint (**ECF No. 1**) is **DISMISSED without prejudice** for failure to state a cognizable claim under 28 U.S.C. § 1915(e) and Rule 12(b)(6); and Plaintiff may file an amended complaint within thirty (30) days of entry of this Order.

                                                       */s/ Margaret Strickland*
                                                      **MARGARET STRICKLAND**
                                                      UNITED STATES DISTRICT JUDGE